IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MOHNEY, ADMINISTRATOR OF THE ESTATE OF LEVI MOHNEY, DECEASED 163 Squirrel Hill Road New Bethlehem, PA 16242 <br><br> VS. <br><br> COMMONWEALTH OF PENNSYLVANIA 16th Floor Strawberry Square Harrisburg, PA 17120     and PENNSYLVANIA STATE POLICE 1800 Elmerton Avenue Harrisburg, PA 17110     and CAPTAIN SCOTT A. NEAL Commander Pennsylvania State Police Troop C 485 North Findley Street Punxsutawney, PA 15767     and SGT. JEFFREY WILSON Troop C - Station Commander 209 Commerce Road Clarion, PA 16214     and TROOPER ROBERT S. HAGETER BADGE NUMBER 8601 209 Commerce Road Clarion, PA 16214     and CORPORAL ALLEN J. CARMICHAEL BADGE NUMBER 6295 209 Commerce Road Clarion, PA 16214     and CORPORAL LOUIS V. DAVIS BADGE NUMBER 5281 209 Commerce Road Clarion, PA 16214     and JOHN DOE(S) 1 through 10 Police Officers, Supervisors, Trainers, Instructors, Employees, Agents and/or Servants of the | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| Commonwealth of Pennsylvania and/or Pennsylvania State Police, Individually, Jointly, Severally and/or in the Alternative<br>        and<br>FORMER COMMISSIONER FRANK E. PAWLOWSKI<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Attorney ID # PA 26718 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of Action

1. This is an action for damages and other relief arising from the death of Plaintiff's decedent, Levi Mohney, under federal statutes including 42 U.S.C. §1983, the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, as more fully set forth below.

2. Plaintiffs also make pendent claims under the laws of Pennsylvania as set forth below.

### Jurisdiction

3. This Court has jurisdiction of this matter by virtue of federal questions presented pursuant to 28 U.S.C. §§1331 and 1343. This Court has supplemental pendent jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district as all of the parties reside and/or do business herein and the cause of action arose in this district.

**The Parties**

5. Plaintiff, Shawn Mohney, is the duly appointed personal representative of the Estate of Levi Mohney, deceased. He files this lawsuit in both his individual capacity and his representative capacity on behalf of the Estate of Levi Mohney.

6. Defendant, Commonwealth of Pennsylvania, is a sovereign state and at all times relevant hereto is responsible for the operation of the control of the Pennsylvania State Police.

7. Defendant, Pennsylvania State Police, is a state agency of the Commonwealth of Pennsylvania created by an act of the Pennsylvania legislature. Among other things, the Pennsylvania State Police manages, directs, controls, and supervises law enforcement officers who have jurisdiction throughout the Commonwealth of Pennsylvania. The Pennsylvania State Police is responsible for criminal investigation and support services as well as traffic enforcement and other public safety duties.

8. Defendant, Sgt. Jeffrey Wilson, at all times relevant hereto was the station commander of Troop C of the Pennsylvania State Police. He is being sued in his individual and official capacity.

9. Defendant, Captain Scott Neal, at all times relevant hereto was the commander of Troop C. He is being sued in his individual and official capacity.

10. Trooper Robert S. Hageter, is employed by the Commonwealth of Pennsylvania and the Pennsylvania State Police as

a law enforcement officer. He is being sued in his individual capacity. At all times relevant hereto, he was acting under color of state law.

11. Defendant, Corporal Allen J. Carmichael, is a law enforcement officer employed by the Commonwealth of Pennsylvania and the Pennsylvania State Police. At all times relevant hereto, he was acting under color of state law. He is being sued in his individual capacity.

12. Defendant, Corporal Louis V. Davis, is a law enforcement officer employed by the Commonwealth of Pennsylvania and the Pennsylvania State Police. At all times relevant hereto, he was acting under color of state law. He is being sued in his individual capacity.

13. Former Commissioner Frank E. Pawlowski was at all times relevant hereto the Commissioner of the Pennsylvania State Police, was acting under color of state law and in the course and scope of his duties and functions as an agent, servant, and employee, and officer of the Pennsylvania State Police. He is being sued in his individual and official capacity.

14. Defendant John Doe(s) 1 through 10 being fictitious names, were police officers, supervisors, trainers, instructors, employees, agents and/or servants of the Commonwealth of Pennsylvania and/or the Pennsylvania State Police, and otherwise performed or engaged in conduct incidental to the performance of their lawful functions in the course of their duties as police

officers/state troopers. These Defendants are being sued in their individual and official capacities.

### Factual Allegations

15. On March 18, 2009, Plaintiff's decedent Levi Mohney (Mohney) was at a residence at 410 Southern Avenue, Strattenville Borough, Clarion County. The residence was owned by his girlfriend, Patty Rae Ferris. Her residence was a 14 foot by 52 foot mobile home.

16. At approximately 7:30 p.m. on March 18, 2009, Defendants Davis, Carmichael, and Hageter arrived at the Ferris' residence. There were additional members of the Pennsylvania State Police on the scene and they quickly surrounded the mobile home owned by Ferris.

17. Defendants Davis and Carmichael positioned themselves outside a rear sliding glass door on the north side of the mobile home while Defendant Trooper Hageter and another member of the Pennsylvania State Police positioned themselves along the west side of the mobile home.

18. Defendant Davis then approached the sliding glass door of the mobile home, knocked on the glass door and ordered Levi Mohney to come to the door. Levi Mohney came to the door, slid the curtain opened at which time he was requested to come out of the residence. However, Levi Mohney declined the invitation to come outside.

19. When Levi Mohney came to the sliding glass door and

presented himself to Defendants Davis, Carmichael, and Hageter, they could see his hands and noted that he was not carrying any weapons.

20. Defendants did not call for a CRISIS Intervention Team or any back up personnel who had adequate training in dealing with someone suffering from a mental or emotional disability.

21. After Levi Mohney declined the invitation to come outside of the mobile home, Defendant Carmichael using his ASP baton smashed the glass of the sliding door. After smashing the glass of the sliding door, Defendant Carmichael entered the mobile home quickly followed by Defendants Hageter and Davis.

22. Defendants Davis, Carmichael, and Hageter had knowledge that Levi Mohney was suffering from a disability, as that term is defined under the Americans with Disability Act. More specifically, they were aware that on at least two occasions prior to March 18 Levi Mohney had threatened to harm himself.

23. Despite having knowledge that Levi Mohney was suffering from a disability, Defendants Davis, Carmichael and Hageter rushed into the mobile home and immediately began yelling to Levi Mohney to get on the ground. At the time these orders were being yelled at Levi Mohney, he was not armed, not actively resisting, and posed no threat to any of the troopers who entered the mobile home.

24. When Levi Mohney did not go to the ground as ordered by Defendants Carmichael, Hageter and Davis, Defendant Hageter

deployed his taser weapon and fired it at Levi Mohney. The taser was used in "barb" mode and the taser barbs made contact with Levi Mohney's chest.

25. Immediately upon the taser barbs making contact with Levi Mohney, he suddenly burst into flames from head to toe. He became totally engulfed in flames, ran out of the mobile home, eventually falling to the ground. Eventually the flames were extinguished but Mohney had suffered serious burns over 98 percent of his body. Mohney succumbed to the injuries caused by the burns several hours later.

26. Prior to the arrival of Defendants Hageter, Carmichael, and Davis, Levi Mohney had put gasoline on his clothes. There was a sufficient amount of gasoline on his clothes and in a container that he was holding that Defendants Carmichael, Davis and Hageter should have been aware that gasoline had either been applied to Levi Mohney's clothing or was in the immediate area.

27. Upon information and belief, the taser weapon which was utilized by Defendant Hageter was manufactured and sold by Taser International, Inc. of Scottsdale, Arizona.

28. Defendants Hageter, Carmichael, and Davis were aware of explicit rules and warnings provided by Taser International that the taser weapon should never be used in the presence of flammable materials such as gasoline.

29. Neither the Commonwealth of Pennsylvania nor the Pennsylvania State Police have provided adequate training to the

law enforcement officers employed by the Pennsylvania State Police in handling confrontations with mentally ill people, although it has been well known for decades that such confrontations are frequent in law enforcement and require specialized programs and training.

30. Neither Defendant Hageter, Carmichael or Davis, despite knowing that Levi Mohney had a disability as that term is defined under the American with Disability Act, requested any assistance or intervention from one who is adequately trained in crisis intervention techniques. Despite knowing that Levi Mohney had a mental disability, Defendants Hageter, Carmichael and Davis did nothing to defuse a tense situation but rather acted in a reckless, willful and wanton manner, and with deliberate indifference to Plaintiff's constitutional rights.

31. As a result of his physical injuries, Levi Mohney suffered great pain and suffering and as a result of his death was deprived of earnings and earning capacity, the ability to inherit and the economic value of his life.

32. As a result of Levi Mohney's death, his heirs and estate suffered monetary losses, and incurred medical and funeral expenses and was deprived of his aid, assistance, services, maintenance, and the economic value of his life during the remainder of his life expectancy.

33. As a result of Levi Mohney's death, his parents, Shawn Mohney and Marybeth Davidson, were deprived of their

constitutional protected interest in his life including their interest in his companionship and support.

## COUNT I.   FEDERAL CIVIL RIGHTS VIOLATIONS

34. The allegations of paragraphs 1 through 33 are hereby incorporated by reference as though they were herein set forth at length.

35. As a direct and proximate result of the conduct of Defendants Captain Scott Neal, Sgt. Jeffrey Wilson, Trooper Robert Hageter, Corporal Allen Carmichael, Corporal Louis Davis, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10, Plaintiff's decedent, Levi Mohney, was deprived of his right to be free from unreasonable and excessive force and to be secure in his person and to due process of law.  As a result of the conduct of Defendants Captain Scott Neal, Sgt. Jeffrey Wilson, Trooper Robert Hageter, Corporal Allen Carmichael, Corporal Louis Davis, Former Commissioner Frank E. Pawlowski and Defendant John Doe(s) 1 through 10, Levi Mohney suffered fatal injuries in violation of his rights under the law and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

36. Defendants Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 have encouraged, tolerated, ratified and had been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training,

supervision, investigation or discipline in the areas of:

    a. The use of unreasonable force and excessive force by police officer;

    b. The proper exercise of police powers, including but not limited to the unreasonable use of force and the excessive use of force;

    c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e. Police officers' use of their status as police officers to employ the use of excessive force or to ends not reasonably related to their police duties;

    f. The failure of police officers to follow established policies, procedures, directives, and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

    g. Providing proper instruction and training to the Pennsylvania State police officers with regards

        to the use of Taser conducted energy weapons.

    h.  Failing to establish proper policies, procedures, directives, and instructions regarding the use of Taser conducted energy weapon.

37. Defendants, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 failed to properly sanction or discipline law enforcement officers of the Pennsylvania State Police officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by various law enforcement officers employed by the Pennsylvania State Police, thereby causing and encouraging the Pennsylvania State police officers, including the Defendants Hageter, Carmichael, and Davis to violate the rights of citizens such as Plaintiff's decedent, Levi Mohney.

38. Defendants Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 have by the above described actions deprived Plaintiff's decedent, Levi Mohney, of rights secured by the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983.

**COUNT II.  VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT AND SECTION 504 OF THE REHABILITATION ACT**

39. The allegations contained in paragraphs 1 through 38 are hereby incorporated by reference as if they were herein set forth at length.

Case 2:11-cv-00340-TFM   Document 1   Filed 03/15/11   Page 12 of 19

40. For many years it has been known and publicized by law enforcement agencies in general and known by the Defendants in particular, that a large percentage of police encounters occur with persons who suffer from emotional or mental illness.

41. It has been well known to the Defendants in particular and law enforcement agencies in general that dealing with such persons requires taking special precautions and special training to avoid violence, injury and death in these encounters.

42. In addition, all of the Defendants were well aware that at all relevant times employees of the Pennsylvania State Police frequently encounter emotionally disturbed and/or mentally ill persons in connection with the fulfillment of their law enforcement duties.

43. Well publicized, easily implemented and affective training programs were available to the Commonwealth of Pennsylvania and the Pennsylvania State Police in learning how to respond to mentally ill or emotional disturbed persons. These programs have been generally available to the Commonwealth of Pennsylvania and to the Pennsylvania State Police for more than twenty-five (25) years.

44. In addition, federal law, including the ADA and the Rehabilitation Act of 1973 have placed an affirmative duty upon both the Commonwealth of Pennsylvania and the Pennsylvania State Police to modify their practices, policies and procedures to ensure that persons with disabilities, including mental

disabilities were not denied services or treated in a discriminatory manner.

45. Heedless of their obligations under federal law and despite their knowledge of the availability of adequate practices, procedures, policies and training to minimize violent confrontations, and with deliberate indifference, Defendants, Commonwealth of Pennsylvania, the Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 failed to provide employees of the Pennsylvania State Police with any training for dealing with mentally ill and emotionally disturbed persons or for handling encounters with such persons without resorting to the use of methods known to cause injury and death.

46. Defendants Commonwealth of Pennsylvania, the Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 have failed to establish and maintain practices, procedures, and policies to ensure that persons with disabilities were not discriminating against or otherwise harmed in the course of their contact with employees of the Pennsylvania State Police.

47. Defendants Commonwealth of Pennsylvania, the Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski and Defendant John Doe(s) 1 through 10 with deliberate indifference to the rights of

Plaintiff's decedent Levi Mohney, and others, implemented and maintained policies and procedures which prevented employees of the Pennsylvania State Police from availing themselves of the most widely available resources for dealing with emotionally disturbed and mentally ill persons, including, but not limited to coordination with crisis intervention units, and backup from others specially trained in dealing with persons who are mentally ill and/or emotionally disturbed.

48. In addition, Defendants Commonwealth of Pennsylvania, the Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski and Defendant John Doe(s) 1 through 10 with deliberate indifference, continued to maintain policies and practices which prevented employees of the Pennsylvania State Police in the performance of their law enforcement duties, from utilizing methods of effectuating arrests in a way that was not discriminatory against individuals with disabilities.

49. Plaintiff's decedent died as a result of Defendants Hageter, Carmichael, and Davis' failure and/or lack of knowledge in how to employ methods and procedures for dealing effectively and peacefully with mentally disturbed individuals such as Levi Mohney.

50. This failure to employ appropriate and proper and safe methods in dealing with Plaintiff's decedent Levi Mohney was a result of Defendants Commonwealth of Pennsylvania, the

Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 failure to train employees of the Pennsylvania State Police and from the customs, practices and policies of the Pennsylvania State Police for which both Defendants Commonwealth of Pennsylvania and Pennsylvania State Police are responsible.

51. Section 504 of the Rehabilitation Act provides that persons otherwise qualified but under disability shall not by reason of the disability be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance.

52. The Pennsylvania State Police is an agency of the Commonwealth of Pennsylvania which received federal financial assistance.

53. Section 504 of the Rehabilitation Act requires that recipients of federal financial assistance reasonably accommodate persons with disabilities so that they are not harmed by, but can benefit from police services as fully as persons without disabilities.

54. Defendants Commonwealth of Pennsylvania, the Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 failed to perform this duty with respect to Plaintiff's decedent Levi Mohney by their acts of omission and

commission as set forth more fully in the paragraphs above.

55. Plaintiffs and their decedent suffered the harms and damages as set forth in this Complaint as a result of the Defendant Commonwealth of Pennsylvania, Defendant Pennsylvania State Police, Captain Scott Neal, Sgt. Jeffrey Wilson, Former Commissioner Frank E. Pawlowski and Defendant John Doe(s) 1 through 10 breech of their duties under section 504 of the Rehabilitation Act.

56. The Americans with Disability Act, Title 2, prohibits any local government or department thereof from denying benefits of their services, programs or activities to any person with a disability or discriminating against any person with a disability 42 U.S.C. §12132.

57. Defendant Commonwealth of Pennsylvania and the Pennsylvania State Police are public entities within the meaning of Title 2 of the Americans with Disability Act 42 U.S.C. §12132.

58. Defendants Captain Scott Neal, Sgt. Jeffrey Wilson, Trooper Robert Hageter, Corporal Allen Carmichael, Corporal Louis Davis, Former Commissioner Frank E. Pawlowski, and Defendant John Doe(s) 1 through 10 were at all relevant times hereto agents, servants, workmen and employees of the Pennsylvania State Police, acting in the scope of their authority.

59. All Defendants herein violated Plaintiff's decedent's right to be free from discrimination on the basis of disability as guaranteed by federal law by failing to make reasonable

modifications to their policies, practices and procedures and to insured that his needs as an individual with a disability would be met.

60. Plaintiff and his decedent suffered damages as set forth above as a result of these violations of the rights of Levi Mohney.

### COUNT III. SURVIVAL ACTION

61. Paragraphs 1 through 60 of this Complaint are herein incorporated by reference.

62. Plaintiffs claim damages for the harm and injuries averred above pursuant to Pennsylvania Survival Act 42 P.S. 8302. These harms resulted from the acts of the Defendant as set forth so fully above.

63. In addition to the acts and failure to act as set forth above, Plaintiff avers to his death was caused by the negligence of Defendants Hageter, Carmichael and Davis. At all times relevant hereto, Defendants Hageter, Carmichael, and Davis knew or most certainly should have known that the taser device should never be deployed in an area containing flammable liquids such as gasoline.

64. At all times relevant hereto, Defendants Hageter, Carmichael, and Davis all knew or should have known that Levi Mohney had applied gasoline to his clothing prior to the encounter between Levi Mohney and the Defendants Hageter,

Carmichael, and Davis which took place on March 18, 2009 at or about 7:00 p.m.

65. Despite having actual constructive knowledge of the fact that Levi Mohney had placed gasoline on his clothing, Defendant Hageter negligently discharged his taser weapon, said discharge being the direct cause of the fire which engulfed Plaintiff's decedent and eventually resulted in his death.

66. Defendants Carmichael and Davis also had either actual or constructive knowledge that Plaintiff's decedent had placed gasoline on his clothing, or had actual knowledge of Trooper Hageter's threat to fire his taser at Plaintiff's decedent, yet did nothing to stop Trooper Hageter or warn Trooper Hageter not to fire the taser in the presence of a flammable liquid such as gasoline.

67. Defendant Hageter, Carmichael, and Davis all knew or should have known that a taser weapon should never be utilized in an area where flammable materials, such as gasoline, are located.

### COUNT IV.   WRONGFUL DEATH

68. Paragraphs 1 through 67 incorporated herein as set forth at length.

69. Plaintiffs also claim damages for the harms and injuries averred above pursuant to Pennsylvania's Wrongful Death Act, 42 P.S. §8301.

70. Plaintiffs harm and injuries resulted from the acts and omissions of the Defendants as set forth above.

WHEREFORE, Plaintiff, Shawn Mohney, Administrator of the Estate of Levi Mohney, deceased, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs;

    d. Such other and further relief as appears reasonable and just; and

    e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: s/ Patrick G. Geckle
Patrick G. Geckle,
PATRICK G. GECKLE, LLC
1845 Walnut St., Ste. 2300
Philadelphia, PA 19103
(215) 735-3326 - telephone
(215) 735-4712 - fax
Attorney ID No. PA 26718
E-mail: pgeckle@pgglaw.com